**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE CRUZ SIBAJA,<br>Petitioner<br>v.<br>DHS, et al.,<br>Respondents | Case No.: 2:26-cv-02988-APG-NJK<br>**Order Granting Petition for Writ of Habeas Corpus**<br>[ECF No. 15] |

Jose Cruz Sibaja is a citizen of Honduras who has been detained by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), since August 3, 2026. ECF Nos. 9-1 at 6; 15 at 2. Sibaja first entered the United States on March 27, 2003 and was first ordered removed on April 24, 2003. ECF No. 9-1 at 4. At some point thereafter, Sibaja reentered the country. He was arrested by ICE on August 3, 2026 after what was described by the federal respondents as a "consensual encounter." ECF No. 15 at 4; ECF No. 9-1 at 6. The next day, DHS reinstated his 2003 removal order. ECF No. 9-1 at 4. Almost a month after his arrest by ICE, DHS issued and served Sibaja with a Form I-205 Warrant of Removal/Deportation. *Id.* at 2.

Sibaja initiated this action by filing a pro se petition for writ of habeas corpus seeking his release. ECF No. 1-1. The case was assigned to Judge Boulware, who issued an order for the federal respondents to show cause why the petition should not be granted. ECF No. 4. In response, the federal respondents asserted that Sibaja was not a member of the class certified in *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026) because he was subject to a reinstated final order of removal. It also argued that he was mandatorily detained under 8 U.S.C.

§§ 1231(a)(5) and (a)(2) because he is subject to the reinstated final removal order and is within the 90-day removal period following that reinstatement.

Counsel for Sibaja subsequently filed an amended habeas petition seeking Sibaja's release on numerous grounds, including that the warrant to arrest him was invalid as it was issued almost a month after his arrest and that the federal respondents failed to provide the original removal order.

The federal respondents' response to the amended petition provided no substantive defense to the claims in the first amended petition. Rather, it restated the legal conclusions and factual assertions as the response to the show cause order. The only new evidence or argument provided in the response was the inclusion of the 2003 final order of removal. ECF No. 16-1.

In reply, Sibaja argues that even with the produced 2003 removal order, his arrest and detention under 8 U.S.C. § 1231(a)(5) were still unlawful. He contends that the response to the amended petition admitted that federal respondents did not have that prior removal order at the time the order was reinstated by noting that they were in the process of locating and digitizing the original removal order at the time of initial response. He further states that the failure to serve him with the I-205 warrant rendered the arrest unlawful. He notes that the federal respondents did not address any of his legal or factual contentions about the invalidity of the arrest or reinstatement, so they have conceded the issues.

The federal respondents have not responded to Sibaja's contentions regarding alleged defects in the arrest or reinstatement. They do not dispute his factual assertions that the original removal order was not in their possession at the time of the reinstatement and that the I-205 warrant was issued only after he had already been arrested. Nor do they dispute his legal contentions that this violates due process and the agency's own regulations. The federal

respondents thus have conceded these issues. LR 7-2(d). Accordingly, I grant Sibaja's petition and order his release.

I THEREFORE ORDER respondent John Mattos to release Jose Cruz Sibaja from the custody of CoreCivic no later than 12:00 p.m. on Friday, November 13, 2026. The respondents must transport Sibaja to 501 Las Vegas Blvd. South, Las Vegas, Nevada by 5:00 p.m. that same day. The respondents must advise Sibaja's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER the respondents to return all of Sibaja's personal property to him upon his release.

I FURTHER ORDER that the respondents are enjoined from re-detaining Sibaja in the future absent compliance with its own regulations.

I FURTHER ORDER the clerk of court to close this case.

DATED this 10th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE